IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION—CINCINNATI

JANET GREEN, on behalf of herself and )
others similarly situated, )
)
Plaintiff, )
) Civil Action No.: 1:14-cv-00142-SJD
v. )
)
DRESSMAN BENZINGER LAVELLE, PSC )
)
Defendant. )
)

## FINAL ORDER AND JUDGMENT

On February 13, 2014, Janet Green ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Dressman Benzinger Lavelle, PSC ("Defendant") in the United States District Court for the Southern District of Ohio, Case No. 1:14-cv-00142-SJD, asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

Defendant has denied any and all liability alleged in the Lawsuit.

On July 28, 2014, after arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On August 11, 2014, the Parties filed the Settlement Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant served written notice of the proposed class settlement on the United States Attorney General and the Attorney Generals of Kentucky and Ohio.

On September 18, 2014, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Janet Green as the Class Representative; (iv) appointed James L. Davidson of Greenwald Davidson PLLC as Class Counsel; (v) appointed Ronald S. Weiss as the Law Offices of Ronald S. Weiss as Liaison Counsel and, (vi) set the date and time of the Settlement Approval Hearing.

On December 26, 2014 the Parties filed their Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On January 15, 2015, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties requested final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons throughout the state of Ohio to whom Dressman Benzinger Lavelle, PSC mailed or caused to be mailed, between February 13, 2013 and February 12, 2014, in connection with an attempt to collect a consumer debt, a communication by U.S. mail contained in an envelope with the name "DBL Collections" on the outside of it.

3. The parties believe that there are 401 Class Members.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Janet Green as the Class Representative. James L. Davidson of Greenwald Davidson PLLC is certified as Class Counsel. Ronald S. Weiss of the Law Offices of Ronald S. Weiss is certified as Liaison Counsel.

5. **NOTICE TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions was in

3

conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6. **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C.    The claims of the Plaintiff are typical of the claims of the Class Members;

    D.    The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity,

expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the Class. *See UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (setting forth factors that govern the inquiry of whether a class action settlement is fair, reasonable and adequate).

  8. **<u>SETTLEMENT TERMS</u>** – The Settlement Agreement, which is attached hereto as **Exhibit A** and shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

  A. <u>Settlement Fund</u> – Defendant shall establish a $12,500.00 Settlement Fund (the "Settlement Fund") pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

  B. <u>Settlement Payment to Class Members</u> - Each Class Member who has not excluded himself or herself from the Class with a postmark date no later than 60 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement shall receive a pro rata share of the Settlement Fund. Each settlement check will be void sixty (60) days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be redistributed to Class Members if such a distribution, after the associated costs are deducted, will allow for additional payments of at least $5.00. Otherwise the remaining funds will be paid to Legal Aid Society of Greater Cincinnati, the *cy pres* recipient.

C. <u>Incentive Award to Plaintiff Janet Green</u> - Plaintiff Janet Green shall receive from Defendant the sum of $1,000.00 for her work in pursuing these claims and securing a recovery for the Class. This payment shall be separate and apart from the Settlement Fund and her pro-rata share of the same.

D. <u>Attorney's Fees and Expenses for Class Counsel</u>: Defendant shall pay Plaintiff's attorneys' fees, costs and expenses in the amount of $30,000.00, separate and apart from the Settlement Fund and the Incentive Award to Plaintiff.

E. <u>Settlement Administration</u>: Separate from the Settlement Fund, the Incentive Award to Plaintiff and the Attorney's Fees and Expenses for Class Counsel, Defendant shall be responsible for paying the costs of administration of the settlement.

9. **<u>OBJECTIONS AND EXCLUSIONS</u>** – The Class Members were given an opportunity to object to the settlement. No Class Member objected to the settlement. One Class Member made a valid and timely request for exclusion. The identity of that person is Jimmy Morris.

10. This Order is binding on all Class Members, except Jimmy Morris, who validly and timely excluded himself from the Class.

11. **<u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>** – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, by

virtue of these proceedings and this order.

12. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

13. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

IT IS SO ORDERED.

DATED: Jan 16, 2015

_____
The Honorable Susan J. Dlott
United States District Court Chief Judge